COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


PERDUE FARMS, INC.

v.   Record No. 2202-94-3                  MEMORANDUM OPINION[*]
                                              PER CURIAM
LINDA KAY MARTIN                             MAY 9, 1995


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Thomas G. Bell, Jr.; Timberlake, Smith, Thomas &
          Moses, on brief), for appellant.

          (James B. Feinman, on brief), for appellee.


     The sole issue on this appeal is whether the Workers'

Compensation Commission erred in finding that Linda Kay Martin's

bilateral carpal tunnel syndrome qualifies as a compensable

occupational "disease" under Code § 65.2-400.  Upon reviewing the

record and the briefs of the parties we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     The facts are not in dispute.  Claimant worked for Perdue

Farms, Inc. (employer) since June 1990 as a sanitation worker.

Her duties included using a high pressure water gun approximately

five and one-half hours per day.  To operate the gun, she was

required to use the fingers of one hand to maintain the trigger

in a depressed position.  Claimant first operated the gun with

her right hand, but switched to her left hand after developing

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pain and numbness on the right side.  Ultimately, she developed symptoms in both hands.

Because her symptoms persisted even after she received treatment from the plant nurse, claimant was referred to Dr. G. Edward Chappell, Jr., an orthopedic surgeon.  On October 19, 1992, Dr. Chappell informed claimant that nerve conduction studies revealed that she suffered from bilateral carpal tunnel syndrome.  On February 11, 1993, Dr. Chappell opined that claimant's "documented carpal tunnel syndrome is an occupational disease and I believe that she needs surgery to obtain relief from her symptoms."  Claimant underwent release surgery on her left hand.  In a May 2, 1994 letter to claimant's attorney, Dr. Chappell opined that claimant's carpal tunnel syndrome arose out of her employment.  He also stated that "[claimant's] carpal tunnel syndrome is a disease caused by her employment at Perdue-- specifically on the poultry line."

The full commission found that claimant's carpal tunnel syndrome met the test set forth in Merillat Industries, Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993).  The commission stated that "Dr. Chappell, the treating orthopedic surgeon, identified [claimant's] condition as a disease in reports to both the carrier and claimant's counsel.  We have consistently held that a disease caused by repetitive motion or trauma is compensable as an occupational disease when supported, as here, by the medical record."

2

In Merillat, the Supreme Court of Virginia held that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease."  246 Va. at 432, 436 S.E.2d at 601.  This Court defined "disease" as

> any deviation from or interruption of the normal structure or function of any part, organ, system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown.

Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993).  "[T]he word 'disease' has a well-established meaning, and . . . no significant disparity exists among the definitions of that term promulgated by various authorities." Commonwealth, Dep't of State Police v. Haga, 18 Va. App. 162, 165, 442 S.E.2d 424, 426 (1994).

"Upon appellate review, the findings of fact made by the Workers' Compensation Commission will be upheld when supported by credible evidence."  Id. at 166, 442 S.E.2d at 426.  Sufficient credible evidence supports the commission's finding that claimant's condition was compensable as an occupational disease.  Dr. Chappell referred to carpal tunnel syndrome specifically as a "disease," and his diagnosis satisfies the definition of disease enunciated in Piedmont, 17 Va. App. at 503, 438 S.E.2d at 772.  The mere fact that claimant's condition resulted from repetitive motion in her employment is not dispositive.

3

Accordingly, the commission's decision is affirmed.

<u>Affirmed.</u>